UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patrick Lamar Harris, #90539-071, | ) | C/A No. 3:08-1577-CWH-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Warden, FCI-Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is a federal inmate at FCI-Estill in Estill, South Carolina. He is serving concurrent sentences of two hundred sixty-two (262) months for drug-related convictions entered in *U. S. v. Harris*, Criminal No. 4:94-0297-6. Petitioner was convicted in a jury trial that took place over several days in October 1994. On May 4, 1995, the Honorable C. Weston Houck, (then) Chief Judge, sentenced Petitioner to 262 months in federal custody followed by ten years of supervised release. Petitioner's convictions and the convictions of his co-defendants were affirmed by the Fourth Circuit Court of Appeals. *See* U. *S. v. Farmer*, 112 F.3d 511 (4th Cir.), *cert. denied*, 522 U.S. 1033 (1997).

On September 23, 1998, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 action in Civil Action No. 4:98-2795-12. Chief Judge Houck authorized service of the motion and directed the United States to file an answer or other responsive pleading. Summary judgment was

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

entered in favor of the United States on March 24, 2000, and Petitioner's two subsequent appeals were not successful. *See U.S. v. Harris*, 14 Fed. Appx. 144 (4th Cir. March 26, 2001). While Petitioner's appeal was pending in his § 2255 case, he filed a series of post-judgment motions in his criminal case in this Court. In an Order entered on August 27, 2001, in Civil Action No. 4:98-2795-12, Chief Judge Houck denied all pending motions and informed Petitioner that "NO FURTHER MOTIONS TO RECONSIDER OR TO ALTER AMEND OR VACATE WILL BE CONSIDERED" (Docket text for Entry 33 in Civil Action No. 4:98-2795-12). Petitioner's appeal from the denial of his various post-judgment motions was also not successful. *See U. S. v. Harris*, 26 Fed. Appx. 290 (4th Cir. Jan. 29, 2002).

Two years later, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, claiming that the Fourth Circuit failed to properly review the claims that he made in his appeals and also claiming that he was actually innocent of the crimes of which he was convicted. *Harris v. Maldonado*, Civil Action No. 3:04-100-HFF. That § 2241 case was dismissed without prejudice on January 10, 2006, and the Fourth Circuit affirmed the dismissal on September 29, 2006. *Harris v. Maldonado*, 201 Fed. Appx. 166 (4th Cir. Sept. 2006). Less than a year later, Petitioner filed a second § 2255 motion in his criminal case, claiming, as he also does in this § 2241 case, that "newly discovered evidence" in the form of an affidavit by one of Petitioner's co-defendants showed that perjured testimony from a Richland County Sheriff's Agent was used to convict Petitioner. *U.S. v. Harris*, Criminal Action No. 4:94-cr-297-CWH-6 (Entry 736). In his Order denying Petitioner's second § 2255 motion as successive and unauthorized, District Judge Houck clearly informed Petitioner that his claim of newly discovered evidence should have first been presented to the Fourth Circuit and a request made for authorization from that court before

filing a second § 2255 motion in this Court. His motion was dismissed "without prejudice to allow [Petitioner] to seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255." *Id.* (Entries 753, 754). It does not appear that Petitioner ever sought authorization for a successive § 2255 motion from the Fourth Circuit as directed, but he did continue to file unsuccessful post-judgment motions in his criminal case seeking, *inter alia*, re-consideration of the dismissal of the second § 2255 motion, *id*.(Entry 756 ) and re-sentencing. *Id*. (Entries 763, 765).

The § 2241 Petition under consideration in this case was filed on April 14, 2008, and raises essentially the same claim that was attempted to be raised in the unauthorized second § 2255 motion. Petitioner again claims that his convictions and sentence should be vacated because they are allegedly the result of the United States' use of perjured testimony against him. He now also claims that this "newly discovered evidence" (a June 28, 2007 affidavit of one of his co-defendants) shows that he (Petitioner) is "actually innocent" of the crimes for which he was convicted and sentenced. Although he was warned by Judge Houck in November 2007 that he needed to present the claim to the Fourth Circuit in order to obtain authorization to file a proper § 2255 motion, Petitioner does not indicate in his § 2241 Petition that he ever did so before filing this case. The only references in the Petition in this case about the availability of the § 2255 remedy for Petitioner to raise the claim he seeks to raise in this case (and his apparent decision not to pursue it) are:

> All of the circumstances arised [sic] after the filing of his § 2255 Petition and Petitioner has never had an "unobstructed procedural Shot" at presenting the Perjury Claim presented in this § 2241 Petition. Claim also is not sufficient for required standards for the filing of a Second and Successive 28 U.S.C. § 2255 Motion.

Entry 1, at 2. In the memorandum filed in support of the Petition, it is stated,

3

> It is Petitioner's contentions that the claim in Ground 1 (One) [actual innocence due to perjured prosecution testimony] is unable to meet the requirements for filing a successive § 2255 motion and are proper for section § 2241 (c)(3).

*Id.*, at 6.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The § 2241 Petition in this case should be dismissed because Petitioner's claims of the invalidity of his convictions are generally cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not adequately shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. Furthermore, Petitioner cannot, in good faith, support his broad statements about the alleged insufficiency of his claim to meet the "required standards for the filing of a Second and Successive 28 U.S.C. § 2255," because he has not followed the appropriate statutory route for presenting such claims for the Court's consideration. By filing this § 2241 Petition and claiming "actual innocence" without first presenting the claim of underlying invalidity of his convictions to the appropriate appellate court, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gatekeeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). However, since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in *limited* situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. U. S.*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or

jail time credits, *see McClain v. U. S. Bureau of Prisons*, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see U. S. v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the manner of execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's claim about newly discovered evidence allegedly disclosing that the prosecution used perjured testimony from a law enforcement officer to convict Petitioner clearly goes to the underlying validity of his conviction and sentence rather than to the manner of execution of his sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000)(same); *Elzie*

*v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999)(same).

With regard to the application of the savings clause to § 2241 petitions, it is settled in this circuit that the possibility that a second § 2255 petition filed by Petitioner might be found untimely or successive (as actually happened with the most recent § 2255 motion Petitioner filed) does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n. 5. As quoted above, the only "ineffective or inadequate § 2255" contentions made by Petitioner in this case: that his claim is "not sufficient for required standards for the filing of a Second and Successive 28 U.S.C. § 2255,"are clearly inadequate to require this Court to consider his perjured testimony claim under § 2241. Those contentions are apparently based only on Petitioner's unsupported opinion about whether the claim could legally be considered through a second, successive § 2255 motion because it does not appear that Petitioner followed the appropriate statutory process to obtain a binding ruling in that regard from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244. The undersigned does not believe that Petitioner can convincingly make such broad statements (basically a finding of law) without having first submitted the issue to the appropriate court of appeals for a decision. Petitioner's knowing failure to pursue available and appropriate statutory procedures to have his claim considered under the appropriate statute (§ 2255) indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA.[2]

---

[2] The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

Finally, Petitioner's suggestion that this Court should consider his perjured testimony claim under § 2241 despite his failure to seek authorization from the Fourth Circuit to present it in a successive § 2255 motion under the "actually innocent" doctrine must fail.[3]  Cognizable claims of actual innocence are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. U. S.*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004).  Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motion(s) they did file.  In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice.  Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).  However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type *that was not presented in any of his prior court proceedings* which supports his innocence of the criminal charge on which he was convicted.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Doe v. Menefee*, 391 F.3d at 161.  The allegedly newly

---

[3]Claims of "actual innocence" appear to the be the most recent alternative to the "inadequate and ineffective" remedy argument generally raised by prisoners such as Petitioner who, essentially, attempt to receive an improper "second or third bite of the apple" by filing § 2241 petitions collaterally attacking convictions and sentences following unsuccessful direct appeals and/or § 2255 motions.

8

discovered evidence that Petitioner asks this Court to consider as evidence of his actual innocence, the June 28, 2007 affidavit of one of his criminal co-defendants, was clearly presented in one of his prior court proceedings: the second § 2255 motion that was dismissed without prejudice in November 2007.  In the dismissal order, Petitioner was provided directions to present the allegedly newly discovered claim to the Fourth Circuit.  However, instead of following Judge Houck's clear directions and seeking authorization to file a successive § 2255, Petitioner seems to have ignored the directions and unilaterally decided that such authorization would be denied.  Petitioner cannot in good faith claim that an actual innocence claim in a § 2241 petition will provide him the first opportunity ("clear shot") he has had to obtain consideration of the 2007 affidavit because he did not present it to the Fourth Circuit pursuant to the provisions of § 2244 as he was directed to do.[4]  As a result, based on the case law cited above, the facial inadequacy of the Petition now under consideration requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause."  *U. S. v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir.  2000).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.  *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus

---

[4]Newly discovered evidence is one of the types of claims that may be considered by the federal appellate courts under § 2244 and presented in properly  authorized successive § 2255 motions.  See 28 U.S.C. § 2255(h)(1).

petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  Petitioner's attention is directed to the important notice on the next page.

                                                           s/Joseph R. McCrorey
                                                           United States Magistrate Judge

May 9, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).